IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES CUNNINGHAM,

                Plaintiff,                OPINION AND ORDER

v.

                                            17-cv-687-wmc

NANCY GARCIA,

                Defendant.

---

The court previously granted *pro se* plaintiff Charles Cunningham, an inmate at Waupun Correctional Institution, leave to proceed against defendant Nancy Garcia, a nurse at Waupun, on an Eighth Amendment deliberate indifference claim based on her treating plaintiff with NSAIDs in June 2014 despite her knowledge that he should not receive such medications. (3/5/19 Order (dkt. #15).) The court, however, denied Cunningham leave to proceed against other defendants because he failed to provide specific allegations as to each defendant, instead alleging generally that "defendants" continued to prescribe him NSAIDs over the years. Before the court is plaintiff's motion to amend complaint and a proposed amended pleading, in which he provides additional allegations as to some of the other defendants named in his original complaint. (Dkt. ##16, 17.) For the reasons that follow, the court also will grant him leave to proceed on an Eighth Amendment deliberate indifference claim against Jeffrey Manlove, Nancy White, Cheryl Jeanpierre and Brian Taplin, but will deny him leave to proceed against Gail Waltz and Sumnicht.

# ALLEGATIONS OF FACT[1]

The court incorporates the allegations in Cunningham's original and supplemental complaints as set forth in the court's prior order. In his second amended complaint, plaintiff alleges that in April 22, 2009, through October 1, 2009, defendants Dr. Sumnicht and nurse Gail Waltz acknowledged Cunningham's intolerance to NSAIDs and that NSAIDs contributed to his stomach ulcer. (Am. Compl. (dkt. #17) ¶ 5.)

On May 30, 2013, defendant Jefferey Manlove ordered ibuprofen for plaintiff, and on July 30, 2014, Manlove acknowledged plaintiff's GI problems with most NSAIDs, including Meloxicam, and also acknowledged that they were not helping his stomach issues. (*Id.* ¶ 9.) Despite this, on March 23, 2015, Manlove prescribed Meloxicam, though on August 3, 2016, Manlove acknowledged that Cunningham should not have been on long-term NSAIDs, and on September 27, 2016, Manlove discontinued Meloxicam. (*Id.* ¶ 10.) On December 2, 2016, Manlove diagnosed Cunningham with chronic kidney disease ("CKD") and noted in his medical record that Cunningham is "off NSAIDs." (*Id.*) Plaintiff maintains that his long-term use of NSAIDs contributed to or caused his CKD.

In July 2017 and December 2018, Cunningham saw UW specialists for his stomach ulcer and kidney issues, respectively. Both doctors advised that he avoid NSAIDs. (*Id.* ¶¶ 16-17.) Despite these notations in his medical record to avoid NSAIDs and the earlier one by Manlove and other treatment providers at Waupun, on October 19, 2018, RN Brian

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Taplin prescribed Cunningham ibuprofen for pain in his kidney area. Also, on January 4, 2019, RN Cheryl Jeanpierre prescribed Cunningham ibuprofen for his knee pain. On January 12, 2019, Cunningham sent an HSU request stating that he could not take ibuprofen. Cunningham alleges that he did not receive a response. He sent another HSU request on February 2, 2019, again informing HSU that he could not take ibuprofen, to which a staff member identified as "Vicks," responded "ibuprofen is okay to take as prescribed." (*Id.* ¶ 19.)

In addition to his complaints about being treated with NSAIDs, Cunningham also alleges that he was prescribed Omeprazole for treatment of his stomach ulcers in 2016.[2] On September 22, 2016, he complained to Nancy White, the HSU manager, that the medication was hurting his stomach, making him sick and contributing to his kidney problems. White responded that the medication should help with his GI problems, it would not effect his kidneys, and that he should take it as prescribed. On December 14, 2016, Manlove, however, discontinued the mediation due to possible kidney toxicity.

OPINION

In addition to Nancy Garcia, plaintiff also seeks to pursue Eighth Amendment deliberate indifference claims against Jeffrey Manlove, Nancy White, Gail Waltz, Cheryl

---

[2] There is no allegation nor other indication that this medication is an NSAID. "Omeprazole is used to treat certain stomach and esophagus problems (such as acid reflux, ulcers). It works by decreasing the amount of acid your stomach makes. It relieves symptoms such as heartburn, difficulty swallowing, and persistent cough. This medication helps heal acid damage to the stomach and esophagus, helps prevent ulcers, and may help prevent cancer of the esophagus. Omeprazole belongs to a class of drugs known as proton pump inhibitors (PPIs)." "Omepraxole," WebMD, https://www.webmd.com/drugs/2/drug-3766-2250/omeprazole-oral/omeprazole-delayed-release-tablet-oral/details.

3

Jeanpierre, Brian Taplin and Sumnicht. As described in the court's prior order, the Eighth Amendment affords prisoners a constitutional right to medical care. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To allege a claim for deliberate indifference, plaintiff must plead that: (1) he had an objectively serious medical need; and (2) defendants were deliberately indifferent to it. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

"A medical need is considered sufficiently serious if the inmate's condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would perceive the need for a doctor's attention." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). Cunningham's complaint alleges that defendants' prescription of NSAIDs caused and exacerbated his gastrointestinal issues, including stomach ulcers, and also contributed to his kidney condition. Moreover, Cunningham also alleges that defendants' treatment of his stomach ulcer with Omeprazole contributed to his kidney condition. These allegations are sufficient to satisfy the serious medical need requirement at the pleading stage. *See, e.g., Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) ("ulcers constitute serious medical need" (citing *Massey v. Hutto*, 545 F.2d 45, 46–47 (8th Cir. 1976)); *Taylor v. Corizon Health*, No. 117CV02384JMSMPB, 2019 WL 1409449, at *3 (S.D. Ind. Mar. 28, 2019) (finding at summary judgment that CKD is a serious medical need).

With the additional allegations in his amended complaint, the court finds that plaintiff has adequately alleged that defendants Manlove, Jeanpierre and Taplin knew or were recklessly indifferent to the fact that Cunningham should not have been treated with

4

NSAIDs but nonetheless prescribed him meloxicam and ibuprofen, both NSAIDs. Moreover, with respect to Nancy White, the court finds that plaintiff's allegations give rise to a reasonable inference that White was deliberately indifferent to plaintiff's complaints about the side effects of Omeprazole, especially in light of Manlove's subsequent decision to discontinue the prescription due to "kidney toxicity."

The court, however, will deny plaintiff leave to proceed on claims against defendants Waltz and Sumnicht. Plaintiff's allegation that in 2009, both defendants acknowledged plaintiff's intolerance to NSAIDs and that NSAIDs contributed to his stomach ulcer does not support a reasonable inference that they were deliberately indifferent to a serious medical need. To the contrary, both recognized that plaintiff could not tolerate NSAIDs and so indicated in his medical record; they are not responsible for the fact that the other named individuals allegedly later ignored those notations in continuing to prescribe him NSAIDs from 2014 to 2019.

As the court previously advised, with respect to the defendants for which the court has granted him leave to proceed, Cunningham should be aware that he will ultimately need to come forward with admissible evidence permitting a reasonable trier of fact to conclude that defendants actually acted with deliberate indifference to his serious medical need. This is a much higher standard than that applied at the initial screening stage. Specifically, going forward, it will be Cunningham's burden to prove that his condition (or conditions) constituted a serious medical need. Additionally, he must also prove that each of the defendants (1) knew his condition was serious and required treatment or caused serious pain and suffering, and (2) deliberately ignored his need for proper treatment. Both

of these things might very well require Cunningham to provide credible expert testimony from a physician.

ORDER

IT IS ORDERED that:

1) Plaintiff Charles Cunningham's motion to file second supplemental complaint (dkt. #16) is GRANTED IN PART AND DENIED IN PART. Plaintiff Charles Cunningham is GRANTED leave to proceed on an Eighth Amendment deliberate indifference claim against defendants Jeffrey Manlove, Nancy White, Cheryl Jeanpierre and Brian Taplin. Plaintiff is DENIED leave to proceed against the other defendants.

2) Plaintiff's motion to stay (dkt. #20) is DENIED AS MOOT.

3) The Wisconsin Department of Justice may have until January 9, 2020, to notify the court whether it will accept service on behalf of the newly added defendants.

4) Defendant Nancy Garcia's motion to amend/correct answer (dkt. #26) is GRANTED.

Entered this 19th day of December, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge